UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGG MARCHAND, | : | |
|     Plaintiff | : | Civil Action No. 3:06CV1356(CFD) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM W. BACKUS HOSPITAL, et al | : | |
|     Defendants. | : | |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Gregg Marchand, brought this action pro se and in forma pauperis apparently under 42 U.S.C. § 1983 and Connecticut law against defendants, William W. Backus Hospital ("Backus"), Norwich Police Officer Edwin Hill, two unnamed Connecticut State Police Officers, and an unknown number of unnamed emergency room attendants at Backus.[1] The allegations in Marchand's complaint and amended complaint arise out of a June 2004 incident during which Marchand was taken to Backus. Marchand alleges that he was kidnaped, wrongfully imprisoned, and involuntarily medicated at Backus. The complaint in this case was served on Backus, but the record does not indicate it was served on the other defendants. Backus moves for summary judgment.

I.    Background[2]

---

[1] Because Marchand is pro se, the Court interprets his submissions to raise the strongest arguments they suggest. See Sharpe v. Conole, 386 F.3d 482, 484 (2d Cir. 2004).

[2] The following facts are taken from Backus's Local Rule 56(a) statements and other evidence submitted by Backus.

Backus is a private, not-for-profit community hospital in Norwich, Connecticut.

On June 12, 2004, Marchand was confronted by the Connecticut State Police on the side of the road in Ledyard, Connecticut. According to Marchand's medical records, he was "found staggering on side of road, ETOH. In danger of being hit by car." Marchand was brought to Backus by ambulance.

Marchand's medical records also indicate that he was found to be a danger to himself and Backus staff. Marchand was restrained, blood was drawn and he was treated with Haldol, an antipsychotic medication, and Ativan, a relaxant. The blood tests revealed that Marchand had an elevated blood alcohol level, but normal blood sugar. Marchand was discharged early on the morning of June 13, 2004.

II.     Summary Judgment Standard

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.R.Civ.P. 5(c)); accord Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993).

Where, as in this case, the nonmoving party has the burden of proof at trial, the moving party need only demonstrate that there is a lack of evidence to support the nonmovant's claim. Celotex, 477 U.S. at 323-25; Tops Mkts., Inc. v. Quality Mkts., Inc., 142 F.3d 90, 95 (2d Cir. 1998). Once the movant has established a prima facie case demonstrating the lack of a genuine

issue of material fact, the nonmoving party must provide enough evidence to support a jury verdict in its favor.  Anderson, 477 U.S. at 248; Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  Similarly, a plaintiff, as the nonmovant, may not rest "upon the mere allegations or denials" in its complaint to demonstrate the existence of a genuine issue of material fact.  Fed.R.Civ.P. 56(e).

On April 30, 2008, Backus served Marchand with a "notice to pro se litigants," along with its motion for summary judgment and the supporting papers as required by Local Rule 56(b).  However, Marchand has not opposed Backus's motion for summary judgment.  Nonetheless, "even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted).

III.	Discussion

Interpreting Marchand's complaint liberally, it states claims for false arrest, false imprisonment, and involuntary medical treatment under 42 U.S.C. § 1983.  An action pursuant to Section 1983 can only be brought against a state actor.  See 42 U.S.C. § 1983.

Based on the undisputed facts, Marchand was a danger to himself on the evening of June 12, 2004.  Thus, Marchand's federal rights were not violated when he was transported to and treated at Backus.  See, e.g., Glass v. Mayas, 984 F.2d 55, 57 (2d Cir. 1993) (noting that a person who is dangerous to himself or others may be involuntarily hospitalized).  Further, the undisputed facts do not suggest that Backus was acting under color of state law in treating Marchand.  Kia P. v. McIntyre, 235 F.3d 749, 756 (2d Cir. 2000) (holding actions taken by private hospital in capacity as private provider of medical care are not state actions).

IV.     Conclusion

Backus's motion for summary judgment **[Doc. #23]** is GRANTED. Because Marchand has not served the other defendants, his claims against the remaining defendants are dismissed. Marchand may move to reopen this case by July 11, 2008. The Clerk is directed to close this case.

SO ORDERED this   20th   day of June 2008, at Hartford, Connecticut.

　　　　　　　　　　　　　　　　　　　　　　　 **/s/ Christopher F. Droney**
　　　　　　　　　　　　　　　　　　　　　　　**CHRISTOPHER F. DRONEY**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**